STATON, Judge.
 

 Chrysler Motor Corp. (“Chrysler”) appeals the trial court’s denial of its motion to recover costs and attorney fees from Patricia Resheter (“Resheter”). Chrysler presents three issues for our review, which we consolidate into one and restate as whether the trial court erred in denying Chrysler’s motion.
 
 [1]
 

 We affirm.
 

 The undisputed facts reveal that in 1989, Resheter purchased a motor vehicle from an authorized Chrysler dealership. After several attempts to correct alleged nonconformities in the vehicle, Resheter sought relief under Indiana’s Motor Vehicle Protection Act, the so-called “Lemon Law”.
 
 [2]
 
 Specifically, Resheter sought refund of the entire purchase value of the vehicle, including the $1,500.00 dealer rebate which she had opted to apply to the vehicle’s purchase. Chrysler disputed Resheter’s claim and this litigation resulted. Both parties filed cross motions for partial summary judgment; the trial court granted Resheter’s motion and ordered Chrysler to refund the entire purchase amount of the vehicle plus interest and attorney fees. Chrysler does not challenge this judgment on appeal.
 

 Subsequent to the trial court’s determination of Chrysler’s liability, Resheter filed another partial summary judgment motion; Resheter’s second motion alleged that by refusing Resheter’s demand to refund the purchase price of the nonconforming vehicle as required by the Motor Vehicle Protection Act, Chrysler had committed theft or criminal conversion.
 
 [3]
 
 As a result, Resheter sought damages under the Indiana statute providing civil damages for crime victims.
 
 [4]
 
 In response, Chrysler filed a motion for costs and attorney fees pursuant to IND. CODE 34-1-32-1 (1993). The trial court denied both motions. Chrysler now appeals the denial of its costs and attorney fees’ motion.
 

 Chrysler’s motion for costs and attorney fees is based on Indiana’s General Recovery Rule, which provides in relevant part:
 

 In any civil action, the court may award attorney’s fees as part of the cost to the prevailing party, if it finds that either party:
 

 (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
 

 (2) continued to litigate the action or defense after the party’s claim or defense clearly became frivolous, unreasonable, or groundless; or
 

 (3) litigated the action in bad faith.
 

 IND. CODE 34r-l-32-l(b) (1993).
 

 The party requesting assessment of attorney fees has the burden of proof at trial, and the losing party on the issue appeals a negative judgment.
 
 Watson v. Thibodeau
 
 
 *835
 
 (1990), Ind.App., 559 N.E.2d 1205, 1211. We will reverse a negative judgment only if the evidence viewed most favorably to the trial court leads uncontrovertibly to a conclusion contrary to the one reached below.
 
 Id.
 

 Chrysler first contends that I.C. 34-l-32-l(b) entitles it to costs and attorney fees because Resheter’s motion was neither supported by the record nor any good faith and rational arguments for extension, modification or reversal of existing law. We reject this argument. When Resheter brought her motion for recovery under I.C. 34-4-30-1, Indiana law had not addressed the availability of such an action in the context of a Lemon Law claim. Thus Resheter’s motion was an issue of first impression. This court has established that costs and attorney fees are not available under I.C. 34 — 1—32—1(b)(1) or (b)(2) under such circumstances.
 
 Watson, supra
 
 at 1210-1211. This is true even if rudimentary legal reasoning would lead a reasonable person to conclude that Indiana courts would probably reach an adverse decision when presented with the issue.
 
 Id.
 
 Because Resheter’s motion presented a genuine issue of first impression, we cannot conclude that it is baseless, frivolous and unreasonable as a matter of law.
 
 [5]
 

 Chrysler next contends that Resheter’s motion was motivated by bad faith, and as a result an attorney fees award is mandated. We note that Chrysler raised this argument for the first time in its reply brief. Failure to raise an argument in the appellant’s brief constitutes waiver; a party may not assert new arguments in the reply brief.
 
 Boucher v. Exide Corp.
 
 (1986), Ind.App., 498 N.E.2d 402, 404,
 
 trans. denied.
 

 Notwithstanding waiver, the record does not support the conclusion that Resheter’s motion was brought in bad faith. Determining the issue of bad faith generally involves an inquiry into whether bad faith was present in either a procedural or substantive sense.
 
 Watson, supra
 
 at 1211. However, this case contains no allegation of procedural bad faith, nor does the record before us support such an allegation.
 
 [6]
 

 Chrysler does allege that Resheter’s actions were motivated by substantive bad faith under I.C. 34-l-32-l(b)(3), which we have defined as:
 

 ... the conscious doing of a wrong because of dishonest purpose or moral obliquity. It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.
 

 Watson, supra,
 
 quoting
 
 Young v. Williamson
 
 (1986), Ind.App., 497 N.E.2d 612, 617,
 
 trans. denied.
 
 Chrysler fails to point to any affirmative evidence in the record indicating that Resheter possessed a dishonest or furtive state of mind. Instead, Chrysler merely makes conclusory allegations that Resheter was motivated by “GREED, pure and simple”. Reply brief at 13. Chrysler bases its conclusion on the fact that when Resheter filed its I.C. 34-4-30-1 motion, she had already received “all she was entitled to under the law.” Reply Brief at 14. However, because the viability of an I.C. 34-4-30-1 claim in this context had never been previously determined, Resheter could not be certain she had recovered all to which she was entitled.
 

 Additionally, Chrysler’s contention that the timing of Resheter’s motion sufficiently indicates bad faith is unsupported. Although we agree that Resheter probably could have brought her claims more efficiently by con
 
 *836
 
 solidating them in her first summary judgment motion, we cannot say that her failure to do so constitutes bad faith as a matter of law.
 

 Finally, Chrysler argues the trial court’s finding that Chrysler’s defense of Resheter’s Lemon Law claim did not constitute a criminal act mandates an award of costs and attorney fees pursuant to I.C. 34-1 — 32—1(b). This argument is wholly without merit. It is well established that an award of attorney fees is not justified merely because a party loses on the merits.
 
 Davis v. Sponhauer
 
 (1991), Ind.App., 574 N.E.2d 292, 302,
 
 trans. dismissed.
 
 Because the evidence does not lead uncontrovertibly to the conclusion that Chrysler is entitled to costs and attorney fees, the trial court correctly denied Chrysler’s motion.
 

 Affirmed.
 

 HOFFMAN and RUCKER, JJ., concur.
 

 [1]
 

 .At the outset, Chrysler argues that it is entitled to attorney fees because Resheter's complaint did not give adequate notice of her crime victim claim. Chrysler cites no relevant authority to support the proposition that failure to give proper notice of a specific statutory claim supports an award of costs and attorney fees under I.C. 34-1-32-1 (b). Moreover, to satisfy the notice pleading requirements of Ind. Trial Rule 8(A), a complaint need not state all of the elements of a cause of action, or even the legal theory upon which recovery is sought, but only the operative facts involved in the litigation.
 
 Lincoln National Bank v. Mundinger
 
 (1988), Ind.App., 528 N.E.2d 829, 836. The trial court's rejection of Chrysler’s request for costs and attorney fees in this context is consistent with the liberal requirements of notice pleading, and we decline Chrysler’s invitation to disturb it on appeal.
 

 [2]
 

 . IND. CODE 24-5-13-1
 
 et seq.
 
 (1993).
 

 [3]
 

 . IND. CODE 35-43-4-3 (1993); IND. CODE 35-43-4-4 (1993).
 

 [4]
 

 . Section 1 of this statute provides in pertinent part:
 

 If a person suffers a pecuniary loss as a result of a violation of IC 35-43 ..., the person may bring a civil action against the person who caused the loss for the following:
 

 (1) An amount not to exceed three (3) times the person’s actual damages.
 

 (2) The costs of the action.
 

 (3) A reasonable attorney’s fee.
 

 * * * *
 
 *
 
 *
 

 IND. CODE 34-4-30-1 (1993).
 

 [5]
 

 . This conclusion is consistent with our policy of extreme restraint in granting attorney fee awards, as well as our desire to encourage attorneys' reasonable pursuit of new or novel legal questions.
 
 Orr v. Turco Manufacturing Co., Inc.
 
 (1987), Ind., 512 N.E.2d 151, 152-153. However, this is not to say that litigants need only couch their arguments in terms of first impression to circumvent I.C. 34 — 1—32—1(b)(1) and (b)(2). It is only when exhaustive research reveals no Indiana authority on an issue that this limitation applies.
 

 [6]
 

 . Procedural bad faith is present on appeal when a party flagrantly disregards the rules of procedure, omits and misstates relevant facts from the record, and "files briefs appearing to have been written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court."
 
 Watson, supra.
 
 Because Resheter properly briefed its case before this court and substantially complied with the Rules of Appellate Procedure, we find no evidence of procedural bad faith.