Josephine BROOKS, Boyce Daniels, Michael D. Scott, Sr., Charles D. Brooks, Alfonso D. Holiday, II, Bruce McKenzie Dharathula Millender and Gary Community School Corporation, Appellants–Defendants,

v.

GARIUP CONSTRUCTION COMPANY, INC., Appellee–Plaintiff.

No. 45A03–9902–CV–75.

Court of Appeals of Indiana.

Dec. 22, 1999.

Publication Ordered Jan. 14, 2000.

Rehearing Denied March 22, 2000.

Gregory S. Reising, Gary, Indiana, Attorney for Appellants.

David A. Buls, Lucas, Holcomb & Medrea, Merrillville, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellants–Defendants the Gary Community School Corporation and its Board of Trustees (named individually) (collectively referred to as "School Board") appeals the summary judgment granting the request of Appellee–Plaintiff Gariup Construction Company, Inc. ("Gariup") that the School Board's resolution providing that any bids for public works projects submitted by Gariup be returned unopened be declared void as violative of Indiana's statutes requiring that public works projects be subject to a free, open, and competitive bidding process, IND.CODE § 36–1–12–4. We affirm.

### Issue

 The following is the sole issue[1] as framed by the School Board:

> Does a local school board, after making an investigation on the quality of work produced by [a] construction contractor over a number of years, have the power to take an action to ban the contractor from bidding on projects for the school city for a period of time after which the contractor can reapply to regain its status as bidder.

(Appellant's brief at 1).

### Facts

The designated evidence most favorable to School Board reveals that, in 1997, the School Board requested that the Director

---

1. For the first time in its appellant's reply brief, School Board attacks Gariup's standing to bring the present lawsuit. This issue is waived. *See* Ind. Appellate Rule 8.3(A)(7); *Chrysler Motor Corp. v. Resheter*, 637 N.E.2d 837, 839 (Ind.Ct.App.1994) (holding that a party may not assert an argument for the first time in its reply brief). Moreover, it is manifest that Gariup, as a contractor in the business of performing public works projects, has standing to challenge a school board resolution which specifically excludes Gariup from bidding on public works projects. *See Pence v. State*, 652 N.E.2d 486, 488 (Ind.1995) (noting that for a private individual to invoke the exercise of judicial power, it is not sufficient that he has merely a general interest common to all members of the public; he must ordinarily show that some direct injury has or will immediately be sustained).

of Buildings and Grounds for the school corporation conduct a study of the contracts let by the school corporation over a number of years to determine which contracts had developed problems either at the time of construction or thereafter. (R. 137–38). The Director determined that, since 1965, the school corporation had let 178 contracts for the replacement, maintenance, or repair of buildings. Ten of those contracts were given to Gariup. Of the 168 contracts not given to Gariup, less than ten percent were problematic. However, of the ten contracts given to Gariup, six had constituted serious problems for the corporation. For example, Gariup had failed to properly attach brick to two gym walls costing the corporation over $10,-000.00 in repairs. Gariup had done substandard work at another school which cost the corporation nearly $500,000.00 in repairs. Gariup built the Lew Wallace football stadium which has been a constant maintenance problem. Gariup erected Pulaski School where the heating and air conditioning system has never functioned properly requiring corrective measures costing $40,000.00. Gariup's work at another school was quite poor causing the rapid deterioration of the science lab. The Director recommended that the School Board no longer accept any bids from Gariup. On May 12, 1998, the School Board passed a resolution which read in pertinent part as follows:

1. Gariup Construction Company is hereby declared a non-responsible bidder. Any bids submitted by Gariup Construction Company for projects of the Gary Community School Corporation will be returned to Gariup unopened. No general contractor may use Gariup as a subcontractor on any Gary Community School Corporation project without expressly requesting same of the Board of School Trustees.

2. Gariup Construction Company may work with staff and indicate to staff how and when it has improved its quality control and bidding system to be rein-

stated as a bidder on projects of the Gary Community School Corporation.

3. Three (3) years after October 28, 1997, Gariup Construction Company, Inc., or its successor may reapply to the Board of Trustees to be listed as a responsible contract bidder. The Board of Trustees will consult with staff as to what changes Gariup Construction Company has made and may, at that time, if they choose, reinstate Gariup Construction Company.

4. This Resolution shall apply to Gariup Construction Company, Inc. of Gary, Indiana, any subsidiaries of same, any successors of same and any newly formed construction companies made up of the principal or principals of the present Gariup construction Company.

Gariup brought the present action for declaratory judgment and injunctive relief asserting that the resolution violated IND. CODE § 36–1–12–4. The trial court granted summary judgment in favor of Gariup and this appeal followed.

### Discussion and Decision

#### A. Standard of Review— Summary Judgment

As stated in *State v. Hensley*, 716 N.E.2d 71, 76 (Ind.Ct.App.1999), *trans. pending*:

In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on

his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. (Citations omitted).

### B. Statutory Interpretation

Again, as stated in *Hensley*, 716 N.E.2d at 76–77:

The interpretation of a statute is a legal question which is reviewed de novo. Statutory interpretation is the responsibility of the court and within the exclusive province of the judiciary. The first and often the last step in interpreting a statute is to examine the language of the statute. As stated in *In re the Visitation of J.P.H.*, 709 N.E.2d 44, 46 (Ind. Ct.App.1999):

When interpreting a statute, the foremost objective is to determine and effect legislative intent. Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. Courts are to examine and interpret a statute as a whole, giving words their common and ordinary meaning, and not overemphasize a strict, literal, or selective reading of individual words. Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. The meaning and intention of the legislature are to be ascertained not only from the phraseology of the statute but also by considering its nature, design, and the consequences which flow from the reasonable alternative interpretations of the statute. Statutes relating to the same general subject matter are in pari materia and should

be construed together so as to produce a harmonious statutory scheme. *Id.* (citations omitted). We cannot presume that the legislature intended that a statute was to be applied in an illogical manner or to contain useless provisions, the effect of which could have been easily avoided. For guidance in determining the intent of the legislature, it is appropriate for the court to examine the history surrounding the statute in question. The court may not construe a statute in a manner that would impair the function the legislature intended it to possess.

(Some citations omitted).

### C. Statutory Regulation of Public Work Projects Let by School Corporations

Indiana Code § 36–1–12–4 reads in pertinent part as follows:

(a) this section applies whenever the cost of a public work project will be:

(1) twenty-five thousand dollars ($25,000) or more, in the case of a school corporation; ...

(b) The board must comply with the following procedure:

(1) The board shall prepare general plans and specifications describing the kind of public work required, but shall avoid specifications which might unduly limit competition.

(2) The board shall file the plans and specifications in a place reasonably accessible to the public, which shall be specified [by statute].

(3) Upon the filing of the plans and specifications, the board shall publish notice in accordance with [the statute] calling for sealed proposals for the public work needed.

(4) The notice must specify the place where the plans and specifications are on file and the date fixed for receiving bids.

. . .

(6) The board shall require the bidder to submit a financial statement, a

statement of experience, his proposed plan or plans for performing the public work, and the equipment that he has available for the performance of the public work. The statement shall be submitted on forms prescribed by the state board of accounts.

(7) The board may not require a bidder to submit a bid before the meeting at which bids are to be received. *The meeting for receiving bids must be open to the public. All bids received shall be opened publicly and read aloud at the time and place designated.*

(8) The board shall award the contract for public work or improvements to the lowest responsible and responsive bidder.

(9) The board may reject all bids submitted.

(Emphasis added). The Indiana statutes which provide for free and open bidding on public works projects are designed to protect the rights of the public by ensuring that the process be competitive. *Feigel Const. Corp. v. City of Evansville*, 128 Ind.App. 698, 150 N.E.2d 263, 266–67 (1958) (construing the predecessor statute to IND.CODE § 36–1–12–4). Adherence to the statutory requirements is necessary to prevent dissuasion, hindrance, or interference with the competitive bidding process. *Id.* at 268. A school board must safeguard the competitive bidding process in order to fulfill its duty to secure the best possible performance at the lowest price. *School City of Gary v. Continental Elec. Co.*, 149 Ind.App. 416, 273 N.E.2d 293, 299 (1971). The confidence of the public, as well as that of contractors who perform work for public agencies, is dependent upon a school board's compliance with the legal requirements of competitive bidding. *Id.*

### D. Analysis

In the present case, the School Board's resolution which provides that bids submitted by Gariup will be returned unopened plainly contravenes IND.CODE § 36–1–12–4(7) which requires that all bids received be opened and read aloud at a public meeting. Therefore, the trial court appropriately granted the declaratory judgment in favor of Gariup.[2]

Affirmed.

BAKER, J., and MATTINGLY, J., concur.

### ORDER

This Court heretofore handed down its opinion in this appeal marked Memorandum Decision, Not for Publication; and

David A. Buls, counsel for the Appellee, having thereafter written a letter to the Court, requesting the Court to reconsider the decision regarding the publication status of the same and Gregory S. Reising, counsel for the Appellants, having thereafter sent a letter to the Court in response to said letter from counsel for the Appellee; and

The Court noting that the letter to the Court requesting publication and the second letter to the Court in response thereto are not in the usual preferred form of a Petition for Publication and a Response to Publication, nonetheless chooses to consider the letters as the Appellee's Request for Publication and the Appellants' Response thereto and accordingly, the Court finds that the same should be filed by the Clerk of this Court and made a part of the record in this appeal; the Court further finds that the request for publication should be granted and that this Court's decision heretofore handed down in this

---

**2.** Certainly, the School Board, in the exercise of its sound and reasonable discretion, may reject any particular bid submitted by any particular bidder, including Gariup, upon a determination that the bidder is "not responsible," provided the decision is founded upon facts, exercised in good faith, in the interest of the public, without collusion or fraud, nor corruptly, nor from motives of personal favoritism or ill-will. *See School City of Gary*, 273 N.E.2d at 297.

cause on December 22, 1999, should now be ordered published. ·

IT IS THEREFORE ORDERED as follows:

1. The Clerk of this Court is directed to file the letters from David A. Buls, counsel for the Appellee and Gregory S. Reising, counsel for the Appellants and the same are now construed to be and treated as a Petition Requesting Publication and the Response thereto;

2. The Request for Publication is granted and this Court's opinion in this case heretofore handed down on December 22, 1999, marked Not for Publication is now ordered published.