**Danny SAINTIGNON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0002–CR–88.

Court of Appeals of Indiana.

Sept. 12, 2000.

---

Alan K. Wilson, Muncie, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Danny Saintignon appeals the sentence imposed by the trial court for his conviction for Residential Entry, a class D felony.[1] Specifically, Saintignon contends that 1) the trial court failed to comply with the requirements for enhancing his sentence because it did not sufficiently explain its reasons for the enhancement, and considered an improper aggravating factor; and 2) the trial court incorrectly construed IND.CODE § 35–50–2–2.1 (the Juvenile Suspension statute) to mean that the court could not suspend any portion of his three year sentence.

### FACTS

The facts most favorable to the judgment are that on March 18, 1999, the State filed a delinquency petition alleging that seventeen-year-old Saintignon committed burglary, a class C felony, if committed by an adult.[2] Thereafter, the juvenile court waived Saintignon to adult court pursuant to the State's Petition for Waiver of Jurisdiction. On October 15, 1999, the trial court held a hearing at which the State amended the charge of burglary to residential entry, a class D felony. Saintignon then pled guilty to that charge.

After accepting Saintignon's guilty plea, the trial court held a sentencing hearing on January 20, 2000. Prior to sentencing, the trial court referred to Saintignon's extensive juvenile record and determined that there was a risk that he would commit another crime and that Saintignon needed a secure environment because previous attempts at probation had been unsuccessful.

---

1. IND.CODE § 35–43–2–1.5.

2. I.C. § 35–43–2–1.

In addition, the trial court determined that Saintignon's history of criminal acts and the serious nature of the crime required the imposition of the maximum sentence of three years.[3] The court discussed the meaning of the Juvenile Suspension statute with the prosecutor and defense counsel, and concluded that it meant that the court could not suspend any part of Saintignon's sentence. Specifically, the court determined that this statute applied here because Saintignon had been adjudicated a delinquent in 1996 for committing two counts of burglary, a class B felony if committed by an adult, and this adjudication took place within three years of committing residential entry. Accordingly, Saintignon was sentenced to a three-year term of imprisonment and ordered to pay restitution in the amount of $11,650.00

In its written sentencing order, the trial court detailed the aggravating and mitigating factors that the Court considered prior to sentencing. The trial court found five aggravating circumstances: 1) Saintignon's history of criminal or delinquent behavior; 2) his need for correctional treatment that could best be provided by a penal facility; 3) the depreciation of the seriousness of the offense if a reduced sentence were imposed; 4) the high probability that Saintignon would commit another offense; and 5) the great deal of planning and forethought that went into the crime. In addition, the trial court found one mitigating factor, Saintignon's age. Saintignon now appeals.

## DISCUSSION AND DECISION

### I. Enhancement of Presumptive Sentence

Saintignon contends that the trial court failed to comply with the requirements for enhancing a presumptive sentence because it did not sufficiently explain its reasoning for the enhancement. Specifically, he argues that the trial court was required to identify the aggravating and mitigating circumstances at his sentencing hearing, not "after-the-fact" in the court's written sentencing order. Appellant's brief at 14. Saintignon further asserts that the trial court failed to set out the specific facts and reasons that led the court to find the existence of such aggravating and mitigating circumstances, and the court failed to articulate how these circumstances were evaluated and balanced in determining that he should serve the maximum sentence. In addition, Saintignon asserts that the trial court improperly considered as an aggravating circumstance, that "[i]mposition of a reduced or suspended sentence would depreciate the seriousness of the offense," because this factor should only be considered when a court is evaluating whether to impose a sentence less than the presumptive sentence.

In reviewing Saintignon's claims we note that sentencing decisions rest within the sound discretion of the trial court, and on appeal the court's decision will be reversed only upon a showing of a manifest abuse of that discretion. *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind.1994). This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Hurt v. State*, 657 N.E.2d 112, 114 (Ind. 1995).

The trial court also has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State*, 567 N.E.2d 784, 790 (Ind. 1991). Mitigating factors are not a mandatory consideration in sentencing, and only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Id.*

---

**3.** The court noted that the presumptive sentence for a class D felony is one and a half years, to which up to one and a half years may be added for aggravating circumstances. R. at 103.

Where the trial court imposes a sentence other than the presumptive sentence, the court will examine the record to ensure that the trial court explained its reasoning for selecting the sentence it imposed. *Archer v. State,* 689 N.E.2d 678, 683 (Ind.1997). The trial court's statement of reasons must include 1) an identification of the significant aggravating and mitigating circumstances; 2) specific facts and reasons that led the court to find the existence of such circumstances; and 3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Harris v. State,* 716 N.E.2d 406, 412 (Ind.1999).

### A. Trial Court's Identification of Aggravating and Mitigating Circumstances

Saintignon first claims that the trial court did not properly identify the significant aggravating and mitigating circumstances at the sentencing hearing. While Saintignon acknowledges that the trial court set out these circumstances in its written sentencing order, he argues that the trial judge was required to identify these factors in open court. Appellant's brief at 14. We note that Saintignon provides no authority to support this argument. Moreover, contrary to his assertion, this court has stated that it is sufficient for the trial court to set out its findings of aggravating and mitigating factors in its sentencing order. *Gunter v. State,* 605 N.E.2d 1209, 1212 (Ind.Ct.App. 1993), *trans. denied.* Thus, there was no error on the part of the trial court.

### B. Finding and Articulation of Circumstances at Sentencing

Saintignon also claims that the trial court failed to set out the specific facts and reasons that led it to find the existence of aggravating and mitigating circumstances. Saintignon further argues that the trial court did not properly articulate how these circumstances were evaluated and balanced in determining the sentence.

In response to these claims, we observe that if the trial court's reasons for enhancement are clear from a review of the sentencing transcript, this is sufficient to meet the requirements for enhancing a sentence. *Mundt v. State,* 612 N.E.2d 566, 568 (Ind.Ct.App.1993), *trans. denied.* Moreover, the trial court is not required to articulate whether aggravating factors outweighed mitigating factors "where the record reveals that the court thoughtfully evaluated the facts and circumstances before it, and the aggravating factors cited are supported by evidence." *Peoples v. State,* 649 N.E.2d 638, 641 (Ind.Ct.App. 1995).

Here, our review of the transcript of the sentencing hearing reveals that the trial court did set out its facts and reasons for finding three of the aggravating circumstances, and the court also evaluated the circumstances before it in determining that Saintignon should serve the maximum sentence. Specifically, the court found that Saintignon had a history of criminal or delinquent behavior by referring to Saintignon's juvenile or criminal record which contains an extensive history of criminal offenses, including incorrigibility, being a runaway, criminal trespass, possession of marijuana, two counts of burglary, and possession of a handgun. R. at 103–04. The court determined that Saintignon was in need of correctional or rehabilitative treatment that is best provided by a penal facility after observing that "probation is not the best method of treatment" because while Saintignon was on probation for one offense he committed another. R. at 104. In addition, the court relied upon Saintignon's extensive criminal history and commission of another crime while on probation, to determine that there was a high probability that he would commit another offense. R. at 104. The court considered all of the foregoing factors, together with the serious nature of the crime, in concluding that it should impose

a sentence of three years imprisonment. R. at 103–04. In light of such considerations, it is apparent that the trial court properly explained its reasons for selecting the sentence it imposed on Saintignon.

■ In response to Saintignon's assertion that the trial court improperly considered as an aggravating circumstance that "[i]mposition of a reduced or suspended sentence would depreciate the seriousness of the offense," we observe that the trial court was only required to show one valid aggravating factor to sustain the enhancement of a presumptive sentence. *See Concepcion*, 567 N.E.2d at 790. Accordingly, even if the trial court improperly considered the foregoing factor, any one of the other aggravating factors, such as Saintignon's criminal history, was sufficient to justify the court's decision to impose an executed sentence. Thus, there was no error.

## II. Suspension of Sentence

■ Saintignon next contends that the trial court incorrectly construed the Juvenile Suspension statute to mean that the court could not suspend any portion of his sentence. Specifically, Saintignon asserts that the statute is ambiguous and should be construed to prohibit the court from suspending his minimum sentence, but allow the court to suspend that portion of his sentence in excess of the minimum.

■ We initially note that the interpretation of a statute is a matter of law which we review de novo. *Clark v. Madden*, 725 N.E.2d 100, 104 (Ind.Ct.App. 2000). The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *Superior Constr. Co. v. Carr*, 564 N.E.2d 281 (Ind.1990). To do this we interpret the

statute according to the ordinary and plain meaning of the language used, absent a clearly manifested purpose to do otherwise. *T.W. Thom Constr. v. City of Jeffersonville*, 721 N.E.2d 319, 324 (Ind.Ct.App. 1999).

Given such rules of statutory construction, we now turn to the pertinent part of the Juvenile Suspension statute:

(a) Except as provided in subsection (b) or section 2 of this chapter;[4] the court *may not* suspend a sentence for a felony for a person with a juvenile record when:

(1) the juvenile record includes findings that the juvenile acts, if committed by an adult would constitute:

(A) one (1) Class A or Class B felony;

(B) two (2) Class C or Class D felonies; or

(C) one (1) Class C and one (1) Class D felony; and

(2) less than three (3) years have elapsed between the commission of the juvenile acts that would be felonies if committed by an adult and the commission of the felony for which the person is being sentenced.

(b) Notwithstanding subsection (a), the court may suspend any part of the sentence for felony, except as provided in section 2 of this chapter, if it finds that:

(1) the crime was the result of circumstances unlikely to recur:

(2) the victim of the crime induced or facilitated the offense;

(3) there are substantial grounds tending to excuse or justify the crime, though failing to establish a defense; or

(4) the acts in the juvenile record would not be Class A or Class B felonies if

---

4. The reference to "section 2," in subsection (a) of the statute is to I.C. § 35–50–2–2, (the Sentence Suspension statute), which provides in relevant part as follows:
(a) The court may suspend any part of a sentence for a felony, except as provided in this section or in section 2.1 of this chapter.

(b) With respect to crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence[.]

committed by an adult, and the convicted person is to undergo home detention under IC 35–38–1–21 instead of the minimum sentence specified for the crime under this chapter.

I.C. § 35–50–2–2.1. (emphasis supplied).

■ As noted in the FACTS, the trial court declined to suspend any portion of the sentence in light of Saintignon's 1996 burglary adjudications. Nonetheless, Saintignon contends that because the Juvenile Suspension statute and the Sentence Suspension statute, cross-reference each other, this compels the conclusion that they are *in pari materia* and should be read together to permit the court to suspend that portion of Saintignon's sentence in excess of the minimum sentence.

■ We reject Saintignon's argument, inasmuch as the Juvenile Suspension statute specifically states that "the court *may not* suspend *a sentence* for a felony" where a person has specific juvenile findings on his or her record. This language unequivocally prohibits our trial courts from suspending any part of a sentence, not just the minimum sentence. Had the legislature intended to limit its prohibition to the minimum sentence, it could have incorporated such language into the statute as it did in the Sentence Suspension statute. As a result, we decline Saintignon's invitation to rewrite the statute, and conclude that the trial court did not err in declining to suspend any portion of the three-year sentence.[5]

*Conclusion*

In conclusion, we find that the trial court 1) complied with the requirements for enhancing Saintignon's sentence, and 2) correctly construed the Juvenile Suspension statute to mean that the court could not suspend any portion of Saintignon's sentence.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.

has offered no evidence that the trial court even considered suspending a portion of his sentence in light of the aggravating circumstances that were found.

---

**5.** In addition to our discussion above, we note that the suspension of the sentence is discretionary with the trial court where the specific exceptions are satisfied. Here, Saintignon