Danny SAINTIGNON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 18S02–0106–CR–00308.

Supreme Court of Indiana.

June 27, 2001.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant Danny Lee Saintignon, Jr., appeals from a three-year sentence imposed following his guilty plea for Residential Entry. We affirm the analysis of the Court of Appeals that the trial court adequately explained the reasons for imposing an enhanced sentence. But we agree with Defendant that his juvenile record did not prevent the trial court from suspending a portion of the sentence in excess of the minimum.

### Background

Defendant Danny Saintignon pled guilty to the charge of Residential Entry, a Class D felony,[1] on October 15, 1999. The trial court sentenced Defendant to a three-year term of imprisonment, the maximum sentence authorized by the Legislature for a Class D felony, on January 20, 2000.[2]

Defendant appeals his sentence on two grounds. First, he contends that the trial court failed to comply with the requirements for enhancing a presumptive sentence because it did not sufficiently explain its reasoning for the enhancement. The Court of Appeals rejected this contention in its decision in this case. *Saintignon v. State*, 734 N.E.2d 711, 714–16 (Ind.Ct.App. 2000). We summarily affirm the Court of Appeals opinion on this claim. *See* Ind. Appellate Rule 11(B)(3).[3]

Second, Defendant contends that the trial court incorrectly concluded that it had no authority to suspend any portion of the maximum sentence for Residential Entry because of Defendant's extensive juvenile record. (R. at 48–49.) The Court of Appeals agreed. *See Saintignon*, 734 N.E.2d at 716. We grant transfer to address this issue.

### Discussion

In this case, Defendant pled guilty in adult criminal court to the felony of Residential Entry. Defendant had previously accumulated an extensive juvenile record. When an adult who has a prior juvenile record is convicted of a crime, how does that prior juvenile record affect the trial court's authority to suspend the sentence? That is the question presented by this case.

The Legislature has adopted a statute, Ind.Code § 35–50–2–2, which permits trial court judges to suspend the sentences of adult offenders. We will refer to this statute as the "General Suspension Statute." The General Suspension Statute restricts a trial court's authority to suspend a sentence when the offender has been convicted of certain specified offenses or has a prior adult criminal record of a specified nature. A separate statute, Ind.Code § 35–50–2–2.1, restricts a trial court's authority to suspend a sentence when the offender has a prior juvenile record of a specified nature. We will refer to this statute as the "Juvenile Record Suspension Statute." This case requires us to

---

1. Ind.Code § 35–43–2–1.5 (1998).

2. Ind.Code § 35–50–2–7 (1998) ("A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1 1/2) years, with not more than one and one-half (1 1/2) years added for aggravating circumstances or not more than one (1) years subtracted for mitigating circumstances.").

3. Now Ind. Appellate Rule 58(A)(2).

interpret the interrelationship of the General Suspension Statute and Juvenile Record Suspension Statute.

4. General Suspension Statute (Ind.Code § 35–50–2–2 (1998)):

(a) The court may suspend any part of a sentence for a felony, except as provided in this section or in section 2.1 of this chapter.

(b) With respect to the crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence:

(1) The crime committed was a Class A or Class B felony and the person has a prior unrelated felony conviction.

(2) The crime committed was a Class C felony and less than seven (7) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class C felony for which the person is being sentenced.

(3) The crime committed was a Class D felony and less than three (3) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class D felony for which the person is being sentenced. However, the court may suspend the minimum sentence for the crime only if the court orders home detention under IC 35–38–1–21 or IC 35–38–2.5–5 instead of the minimum sentence specified for the crime under this chapter.

(4) The felony committed was: (A) murder (IC 35–42–1–1); (B) battery (IC 35–42–2–1) with a deadly weapon; (C) sexual battery (IC 35–42–4–8) with a deadly weapon; (D) kidnapping (IC 35–42–3–2); (E) confinement (IC 35–42–3–3) with a deadly weapon; (F) rape (IC 35–42–4–1) as a Class A felony; (G) criminal deviate conduct (IC 35–42–4–2) as a Class A felony; (H) child molesting (IC 35–42–4–3) as a Class A or Class B felony; (I) robbery (IC 35–42–5–1) resulting in serious bodily injury or with a deadly weapon; (J) arson (IC 35–43–1–1) for hire or resulting in serious bodily injury; (K) burglary (IC 35–43–2–1) resulting in serious bodily injury or with a deadly weapon; (L) resisting law enforcement (IC 35–44–3–3) with a deadly weapon; (M) escape (IC 35–44–3–5) with a deadly weapon; (N) rioting (IC 35–45–1–2) with a deadly weapon; (O) dealing in cocaine or a narcotic drug (IC 35–48–4–1) as a Class A felony; (P) dealing in a schedule I, II, or III controlled substance (IC 35–48–4–2) if the amount of controlled substance involved has an aggregate weight of three (3) grams or more; (Q) an offense under IC 9–30–5 (operating a vehicle while intoxicated) and the person who committed the offense has accumulated at least two (2) prior unrelated convictions under IC 9–30–5; or (R) aggravated battery (IC 35–42–2–1.5).

(c) Except as provided in subsection (e), whenever the court suspends a sentence for a felony, it shall place the person on probation ... for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire.

(d) The minimum sentence for a person convicted of voluntary manslaughter may not be suspended unless the court finds at the sentencing hearing that the crime was not committed by means of a deadly weapon.

(e) Whenever the court suspends that part of an offender's (as defined in Indiana code 5–2–12–4) sentence that is suspendible under subsection (b), the court shall place the offender on probation ... for not more than 10 years.

(f) An additional term of imprisonment imposed under IC 35–50–2–11 may not be suspended.

(g) A term of imprisonment imposed under IC 35–47–10–6 or IC 35–47–10–7 may not be suspended if the commission of the offense was knowing or intentional.

5. Juvenile Record Suspension Statute (Ind. Code § 35–50–2–2.1 (1998)):

(a) Except as provided in subsection (b) or section 2 of this chapter, the court may not suspend a sentence for a felony for a person with a juvenile record when:

(1) the juvenile record includes findings that the juvenile acts, if committed by an adult would constitute:

(A) one (1) Class A or Class B felony;

(B) two (2) Class C or Class D felonies; or

nying footnotes. It is clear that these two statutes are closely related. Not only do they follow each other in the Indiana Code (as noted, one is section 2 and the other section 2.1 of the same chapter), but the General Suspension Statute cross-references the Juvenile Record Suspension Statute and the Juvenile Record Suspension Statute cross-references the General Suspension Statute twice.

■■■ Our interpretation of these provisions utilizes two rules commonly employed in construing statutes. First, "[w]here statutes address the same subject, they are *in pari materia*, and we harmonize them if possible." *United States Gypsum, Inc. v. Indiana Gas Co.*, 735 N.E.2d 790, 802 (Ind.2000). *See also Smith v. State*, 675 N.E.2d 693, 696 (Ind. 1996). Second, "[i]n construing a statute, effect should be given to every word and clause therein." *Spangler v. State*, 607 N.E.2d 720, 723 (Ind.1993). *See also In re Lawrance*, 579 N.E.2d 32, 38 (Ind.1991).

Starting with the General Suspension Statute, subsection (a) sets forth the general rule that a court may suspend any part of the sentence for a felony, subject to restrictions imposed by either the General Suspension Statute itself or the Juvenile Record Suspension Statute. Subsection (b) of the General Suspension Statute sets forth two categories of restrictions.[6] The first, contained in subdivisions (1)-(3), restrict the court's authority to suspend a sentence where the person has a prior adult criminal record of a specified nature. We will refer to an offender who falls into this category as having a "disqualifying adult record." The second category, contained in clause (4), restrict the court's authority to suspend a sentence where the person has been convicted of a specific (extremely serious) offense. We will refer to an offender who falls into this category as having committed a "disqualifying adult offense."

It is extremely important to understand that the consequence of being an offender with a disqualifying adult record or who has committed a disqualifying adult offense is that the court may suspend only that part of the sentence that is in excess of the minimum sentence. Said differently, even when faced with a disqualifying adult record or a disqualifying adult offense, the court may still suspend that part of the sentence that is in excess of the minimum sentence.

Turning to the Juvenile Record Suspension Statute, we see that its subsection (a)

---

(C) one (1) Class C and one (1) Class D felony; and

(2) less than three (3) years have elapsed between commission of the juvenile acts that would be felonies if committed by an adult and the commission of the felony for which the person is being sentenced.

(b) Notwithstanding subsection (a), the court may suspend any part of the sentence for a felony, except as provided in section 2 of this chapter, if it finds that:

(1) the crime was the result of circumstances unlikely to recur;

(2) the victim of the crime induced or facilitated the offense;

(3) there are substantial grounds tending to excuse or justify the crime, though failing to establish a defense; or

(4) the acts in the juvenile record would not be Class A or Class B felonies if committed by an adult, and the convicted person is to undergo home detention under IC 35-38-1-21 instead of the minimum sentence specified for the crime under this chapter.

6. Subsections (c) through (g) contain additional restrictions on the authority of the trial court to suspend sentences. General Suspension Statute, Ind.Code § 35-50-2-2(c) through (g). For purposes of this discussion, it is not necessary to consider them in detail. But it is important to recognize that they may be applicable when a trial court is considering suspending a sentence, including the sentence of a person with a juvenile record.

is very similar to the disqualifying adult record provisions of subdivisions (1)-(3) of subsection (b) of the General Suspension Statute. It restricts the court's authority to suspend a sentence where the person has a prior juvenile record of a specified nature. We will refer to a person in this category as having a "disqualifying juvenile record."

The opening sentence of subsection (a) of the Juvenile Record Suspension Statute reads: "Except as provided in subsection (b) or section 2 of this chapter [the General Suspension Statute], the court may not suspend a sentence for a felony for a person with a juvenile record when" that person has a disqualifying juvenile record. Ind.Code § 33–50–2–2.1(a) (1998). The trial court and the Court of Appeals believed that this language precludes a trial court from suspending any portion of the sentence of an adult offender convicted of a felony who has a disqualifying juvenile record. Defendant argues, and we agree, that such a construction fails to read the Juvenile Record Suspension Statute *in pari materia* with the General Suspension Statute and also fails to give effect to the words "[e]xcept as provided in ... section 2 of this chapter."

It seems to us highly unlikely that the Legislature would authorize a trial court to suspend that part of the sentence that is in excess of the minimum sentence for a person convicted of, for example, Residential Entry who has a disqualifying adult record but prohibit the trial court from suspending that part of the sentence for that very same person if the person had, instead of a disqualifying adult record, a disqualifying juvenile record (like Defendant here). We think this is why the Legislature used the language "Except as provided in [the General Suspension Statute]" to specify that a trial court may not suspend a sentence for a person with a disqualifying juvenile rec-ord except to the extent that such a sentence may be suspended under the General Suspension Statute.

We believe that reading the General Suspension Statute and Juvenile Record Suspension Statute *in pari materia* and giving effect to the language in the Juvenile Record Suspension Statute, "[e]xcept as provided in" the General Suspension Statute, indicate that the Legislature intended that a trial court's authority to suspend a sentence in excess of the minimum sentence applies to persons with disqualifying juvenile records in the same way as to persons with disqualifying adult records.

Of course, a trial court is not required to suspend any part of a sentence even when authorized to do so. It may very well be that even had the trial court here understood that it had the authority to suspend a part of Defendant's sentence that was in excess of the minimum, it would not have done so given its evaluation of the aggravating and mitigating circumstances. However, this is not clear from the record. To the extent that Defendant still wishes, given the passage of time, a determination on this issue, we remand this case to the trial court for this purpose.

### Conclusion

We grant transfer, summarily affirm the opinion of the Court of Appeals to the extent described above, and remand this case to the trial court for further proceedings, if requested by Defendant, consistent with this opinion.

SHEPARD, C.J., and BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents without opinion.