**Tyvis ASHLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A04–0105–CR–194.**

Court of Appeals of Indiana.

Nov. 7, 2001.

Alan K. Wilson, Public Defender, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN.

## OPINION

MATHIAS, Judge.

Tyvis Ashley ("Ashley") pled guilty to an amended charge of possession of cocaine

as a Class C felony. In sentencing Ashley, the trial court concluded that Ashley's prior juvenile conviction in Georgia precluded it from suspending any portion of Ashley's sentence, and sentenced him to an executed three-year term in the Department of Correction. Ashley appeals raising two issues for our review which we restate as one: whether the trial court erred when it concluded that it had no authority to suspend any portion of Ashley's sentence pursuant to Indiana Code section 35–50–2–2.1.

We affirm in part and reverse and remand in part.

### Facts and Procedural History

The facts most favorable to the judgment reveal that on January 4, 2001, Ashley pled guilty to an amended charge of possession of cocaine as a Class C felony.[1] On March 13, 2001, in preparation for Ashley's sentencing hearing, the Probation Officer filed an addendum to Ashley's presentence investigation report, which indicated that on October 24, 1998, a Georgia juvenile court convicted Ashley of possession of cocaine with the intent to distribute. At Ashley's sentencing hearing, and after considering the effect of Ashley's Georgia juvenile conviction on his sentence, the trial court concluded that Ashley's possession of cocaine with intent to distribute conviction in the Georgia juvenile court would constitute a Class B felony, and it was thereby precluded from suspending Ashley's sentence, pursuant to Indiana Code section 35–50–2–2.1. The trial court sentenced Ashley to an executed term of three years at the Department of Correction. Ashley appeals that sentence.

### Discussion and Decision

Ashley contends that the trial court erred when it determined that his juvenile conviction in Georgia precluded it from suspending any portion of his sentence under Indiana Code section 35–50–2–2.1. Specifically, Ashley argues that the trial court misinterpreted Indiana Code section 35–50–2–2.1, claiming that because his juvenile record is from Georgia, it is impossible to determine what class felony his juvenile conviction would have been if committed as an adult in Indiana; therefore, the statute does not apply and his sentence should be suspended. We disagree.

Indiana Code section 35–50–2–2.1 provides in relevant part:

(a) Except as provided in subsection (b) or section 2 of this chapter, the court may not suspend a sentence for a felony for a person with a juvenile record when:

(1) the juvenile record includes findings that the juvenile acts, if committed by an adult, would constitute:

(A) one (1) Class A or Class B felony;

(B) two (2) Class C or Class D felonies; or

(C) one (1) Class C and one (1) Class D felony; and

(2) less than three (3) years have elapsed between commission of the juvenile acts that would be felonies if committed by an adult and the commission of the felony for which the person is being sentenced.

Ind.Code § 35–50–2–2.1 (1998).

■■■ The interpretation of a statute is a legal question, which we review de novo.

---

1. Ind.Code § 35–50–2–6 provides in relevant part:

(a) A person who commits a Class C felony shall be imprisoned for a fixed term of four (4) years, with not more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000).

*Brooks v. Gariup Const. Co.,* 722 N.E.2d 834, 838 (Ind.Ct.App.1999). Statutory interpretation is the responsibility of the court and within the exclusive province of the judiciary. *Id.* The first and often last step in interpreting a statute is to examine the language of the statute. *Id.* We will not, however, interpret a statute that is clear and unambiguous on its face. *Sightes v. Barker,* 684 N.E.2d 224, 227 (Ind.Ct.App.1997). We must examine and treat the statute as a whole, giving it its apparent and obvious meaning. *Id.* Our role on appeal is to interpret and apply the statute, and absent some ambiguity, we may not substitute language that is not there. *Id.*

■ Ashley contends that proper reading of Indiana Code section 35–50–2–2.1 requires us to determine whether the juvenile conviction at issue would be a Class A or a Class B felony in Georgia. However, many jurisdictions, including Georgia, do not classify their crimes in the same manner as our legislature has chosen. Therefore, we can only assume that it was the intent of the legislature to utilize Indiana law to determine if the juvenile acts, if committed by an adult, would constitute a Class A or Class B felony in Indiana, regardless of in which jurisdiction those juvenile acts were committed.

■ Moreover, a conflict of laws analysis requires us to apply Indiana law to this issue. It is our long standing rule that while matters of substantive law are controlled by the state where the cause of action arose, procedural and remedial matters are governed by the law of the forum state. *Staple v. Richardson,* 140 Ind.App. 20, 31, 212 N.E.2d 904, 911 (1966) (*cited with authority Homer v. Guzulaitis,* 567 N.E.2d 153, 156 (Ind.Ct.App.1991)). In our view, Indiana Code section 35–50–2–2.1 is a procedural statute, and therefore must be governed by Indiana law. *See Willis v. State,* 567 N.E.2d 1170, 1172 (Ind.

Ct.App.1991) (holding that Indiana Code section 35–38–1–17, which also deals with suspension of sentences, was procedural and not substantive).

Applying Indiana criminal law to Ashley's Georgia conviction, Ashley was charged and convicted, as a juvenile, with violation of Georgia Code section 16–13–30 for unlawful possession "with the intent to distribute a controlled substance, to wit: cocaine, in violation of the Georgia Controlled Substance Act." Appellant's App. p. 59. Georgia Code section 16–13–30 provides in relevant part:

> (b) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance....

Ga.Code § 16–13–30 (1982). According to Georgia Code section 16–13–26, cocaine is a Schedule II controlled substance. Ga. Code § 16–13–26 (1982). The Indiana counterpart to Georgia Code section 16–13–30, Indiana Code section 35–48–4–1, provides in relevant part:

> A person who (1) knowingly or intentionally ... (c) delivers ... cocaine ... or (2) ... possesses, with intent to: ... (c) deliver ... cocaine ... commits dealing in cocaine ..., *a Class B felony* ...

Ind.Code § 35–48–4–1 (1998) (emphasis added).

■ Ashley's Georgia juvenile conviction was for unlawful possession of cocaine with intent to distribute which would constitute a Class B felony under the Indiana Code section 35–48–4–1 concept of delivery of cocaine. Because less than three years has elapsed between his Georgia juvenile conviction and his current conviction, the trial court was correct in finding that Indiana Code section 35–50–2–2.1 applied to Ashley's sentence.

We must now determine to what extent Indiana Code section 35–50–2–2.1 affects the suspendability of Ashley's sentence. The trial court determined that Indiana Code section 35–50–2–2.1 precluded it from suspending any part of Ashley's sentence.[2] We disagree.[3]

In *Saintignon v. State,* our supreme court held that as is true under the General Suspension Statute, Indiana Code section 35–50–2–2, under the Juvenile Suspension Statute [4] the trial court may suspend that portion of a person's sentence that is in excess of the minimum sentence. *Saintignon v. State,* 749 N.E.2d 1134, 1137 (Ind.2001). Therefore, the trial court was incorrect in its finding, and we must remand this case for re-sentencing.[5]

Affirmed in part and reversed and remanded in part.

DARDEN, J., and VAIDIK, J., concur.

2. With regard to suspension the trial court stated:

   If it was just possession, then it would just be a C but with the possession with intent to distribute that would be a B. So it looks to me ... we are within the three (3) years ... So it looks to me like the State is correct and that the Court will not be able to suspend.

   Appellant's App. p. 144.

3. The State also disagrees with the trial court's conclusion that it was precluded from suspending any part of Ashley's sentence, and urges us to remand this case for re-sentencing. Brief of Appellee at 3.

4. Ind.Code § 35–50–2–2.1 (1998).

5. Indiana Code section 35–50–2–2.1 is a permissible statute, and the trial court is not required to suspend any portion of Ashley's sentence even though *Saintignon* authorizes it to do so.