Kirk R. MARTIN, Appellant–Plaintiff,

v.

Jeffrey R. HEFFELFINGER, Judge of the Huntington Superior Court; Frank O'Bannon, Governor of Indiana; Randall T. Shepard, Chief Justice of Indiana; State of Indiana, Appellees–Defendants.

No. 35A02–0006–CV–382.

Court of Appeals of Indiana.

March 15, 2001.

---

Kirk R. Martin, Pendleton, IN, Appellant Pro Se.

Karen M. Freeman–Wilson, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Kirk R. Martin (Martin) appeals the trial court's dismissal of his complaint under 42 U.S.C. § 1983 and Indiana tort law against Judge Jeffrey R. Heffelfinger of Huntington County Superior Court, Chief Justice Randall T. Shepard of the Indiana Supreme Court, Governor Frank O'Bannon, and the State of Indiana for failure to state a claim. We find that, after accepting Martin's allegations in his complaint as true, Martin fails to state a claim. Therefore, we affirm.

### Facts and Procedural History

In September of 1997, Martin pleaded guilty to two charges of Operating While Intoxicated (OWI), class A misdemeanors.[1] Martin was sentenced to 365 days in jail, with all but 180 days suspended. Martin was also placed on probation for one year. Judge Heffelfinger of the Huntington County Superior Court presided over this matter. On January 26, 1998, Martin was arrested on a new OWI charge. On June 11, 1998, after a bench trial conducted by Judge Heffelfinger, Martin was convicted of this new charge. Judge Heffelfinger revoked Martin's probation at this time.

Subsequently, Martin filed a complaint against Judge Heffelfinger, Governor O'Bannon, Chief Justice Shepard, and the State of Indiana. Martin alleged that Judge Heffelfinger, contrary to 42 U.S.C. § 1983, revoked his probation without due process. Also, Martin claimed that Governor O'Bannon, Chief Justice Shepard, and the State of Indiana failed to properly train, control, and supervise Judge Heffelfinger. Martin contended that the probation revocation caused him to lose his job. Martin asked for damages and declarative and injunctive relief that would bar Judge Heffelfinger from presiding over any action involving Martin.

The State filed a motion to dismiss Martin's complaint asserting that Judge Heffelfinger is entitled to judicial immunity and Governor O'Bannon, Chief Justice Shepard, and the State could not be held liable for the acts of a superior court judge.

The trial court granted the State's motion. The trial court held that Judge Heffelfinger, in his official capacity, did not qualify under the prescribed meaning of "person" under § 1983, and therefore, he was immune from suit. Record at 30. The court also dismissed the claims against the remaining defendants due to "judicial immunity, immunities under the Indiana Tort Claims Act, and because the remaining Defendants do not supervise or control the actions of superior court judges." Record at 30. Further, the court held that it did not have jurisdiction to address Martin's claims for injunctive relief and that the appropriate forum to address these claims for relief would be on a direct appeal from the adverse judgment or a post-conviction proceeding. The court noted that Martin could also seek recusal of Judge Heffelfinger. Finally, the trial court declared that Martin's action was frivolous pursuant to Ind.Code § 35–50–6–5(a)(3). This appeal followed.

### Discussion and Decision

Martin contends that the trial court erred in dismissing his complaint. Specifically, Martin asserts that he can sue Judge

---

1. IND.CODE § 9–30–5–2.

Heffelfinger for declarative and injunctive relief under § 1983. Martin also argues that the State is liable for torts committed by its employees. Finally, Martin alleges that the trial court erroneously declared his suit frivolous under Ind.Code § 35–50–6–5(a)(3). We address each argument in turn.

 Martin's claim was dismissed pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. When reviewing a 12(B)(6) motion to dismiss, we accept the facts alleged in the complaint as true. *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct.App.1999), *reh'g denied, trans. denied.* A 12(B)(6) motion tests the legal sufficiency of the complaint, and thus, a dismissal is appropriate only if the facts alleged in the pleading are incapable of supporting relief under any set of circumstances. *Clifford v. Marion County Prosecuting Attorney*, 654 N.E.2d 805, 810 (Ind.Ct.App. 1995). However, "[w]e will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts, which even if true, would not support the relief requested in that complaint." *Minks*, 709 N.E.2d at 381. Further, we will affirm a trial court's dismissal on any theory or basis found in the record. *Id.*

 Martin first argues that the trial court erred in holding that Judge Heffelfinger was immune from suit under § 1983. "Section 1983 of Title 42 provides a civil remedy against any person who, under the color of state law, subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the federal Constitution or federal laws." *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 433 (Ind.Ct. App.1996) (citing 42 U.S.C. § 1983), *reh'g denied, trans. denied.*

 It is well settled that a judicial defendant is immune from a suit seeking monetary damages for actions completed in the judge's official capacity. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct.

1099, 55 L.Ed.2d 331 (1978), *reh'g denied; H.B. v. Elkhart Div. of Family & Children*, 713 N.E.2d 300, 302 (Ind.Ct.App. 1999), *trans. denied.* "The underlying purpose of the immunity is to preserve judicial independence in the decision-making process." *Id.* State officials, such as judges, sued in their official capacity are not "persons" within the meaning of § 1983 because they take on the identity of the government that employs them. *Swanson*, 671 N.E.2d at 434. Moreover, county judges are judicial officers of the state judicial system. *Id.* at 435. Judges of courts of general jurisdiction are subject to civil liability under § 1983 only if they have acted in a clear absence of all jurisdiction. *Hupp v. Hill*, 576 N.E.2d 1320, 1324 (Ind.Ct.App.1991). Further, judicial immunity is granted even when judges act maliciously or corruptly. *Swanson*, 671 N.E.2d at 435.

Nevertheless, Martin maintains that the trial court erroneously dismissed his complaint. Martin asserts that the court improperly relied on the fact that Martin asked for damages when it found that Judge Heffelfinger was immune from suit. Martin, noting that he alleged declarative and injunctive relief against Judge Heffelfinger as well, asserts that he can seek such equitable relief under § 1983.

 Martin cites *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) to support his proposition. *Pulliam* held that judicial immunity does not bar prospective injunctive relief against a state judicial officer. *Id.* at 523, 104 S.Ct. 1970. However, Martin must prove that his remedies at law are inadequate before he can state a claim for equitable relief. *Platt v. State*, 664 N.E.2d 357, 363 (Ind.Ct. App.1996), *cert. denied*, 520 U.S. 1187, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997). *See also Bolin v. Story*, 225 F.3d 1234, 1243 (11th Cir.2000) (holding that plaintiffs could not seek declaratory or injunctive relief against judges where there was an adequate remedy at law); *Nollet v. Justices of the Trial Court*, 83 F.Supp.2d 204,

210 (D.Mass.2000) (noting that while in the past, under *Pulliam*, judges were not immune from injunctive or declaratory relief, plaintiffs could not seek injunctive relief when they failed to show declaratory relief was unavailable), *aff'd by*, 2000 WL 1803320 (1st Cir. Dec 7, 2000) (table decision). A legal remedy is adequate where it is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *FSSA v. Community Care Ctrs., Inc.*, 641 N.E.2d 1012, 1017 (Ind.Ct.App.1994), *vacated on other grounds by* 688 N.E.2d 1250 (Ind.1997).

▮ Here, Martin has failed to prove why the remedies available to him at law are inadequate. As the trial court noted in its dismissal of Martin's complaint, Martin can raise the issue of his probation revocation or Judge Heffelfinger's bias against him in deciding to revoke his probation through the proper channels on a direct appeal from his conviction or in post-conviction proceedings. He could also seek Judge Heffelfinger's recusal in future proceedings. *See Platt*, 664 N.E.2d at 363–64 (holding that plaintiffs seeking injunctive relief while challenging the public defender system should pursue remedies at law such as a motion to correct error, a direct appeal from an adverse criminal judgment, and a petition for post-conviction relief before equitable relief petition will be heard). In fact, Martin has taken other measures to seek out his remedies on this issue. Martin is currently appealing his denial of post-conviction relief in this matter and raises Judge Heffelfinger's revocation of his probation as an issue in that appeal. *See Martin v. State*, No. 35A02–0005–PC–343, Appellee's Brief at 4.

Still, Martin insists that "Indiana State law for obtaining the removal of a judge from presiding over a case is fundamentally and U.S. Constitutionally flawed...." Appellant's Brief at 6. Martin fails to cite any authority supporting this proposition, and he merely points to the fact that judges accused of bias decide whether to recuse themselves in a proceeding. Indiana law provides standards by which judges decide whether to grant a motion for a change of judge, and we see no reason why these standards are inadequate. *See* Ind. Trial Rule 79. Therefore, the trial court did not err when it held that Judge Heffelfinger was immune from suit and that it lacked jurisdiction to hear Martin's claims for equitable relief.

▮▮ Next, Martin contends that the trial court erred in dismissing his claims against Chief Justice Shepard, Governor O'Bannon, and the State of Indiana. Martin contends that Judge Heffelfinger is clearly a state employee, and as his supervisors, Chief Justice Shepard, Governor O'Bannon, and the State had a duty to train him. Martin's claims against these defendants must be brought under the Indiana Tort Claims Act (ITCA).[2] The ITCA established procedures for tort claims filed against governmental entities. *Clifford*, 654 N.E.2d at 808. The policy underlying the statute is to protect public officials in the performance of their duties by preventing harassment with threats of civil litigation over decisions they make within the scope of their positions. *Bd. of Comm'rs v. King*, 481 N.E.2d 1327, 1330 (Ind.Ct.App.1985).

The ITCA list several situations where governmental entities are immune from suit. IND.CODE § 34–13–3–3. In particular, Ind.Code § 34–13–3–3(5) reads that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: ... (5) the initiation of a judicial or administrative proceeding...." Most cases discussing this section of the ITCA involve malicious prosecution claims. *Clifford*, 654 N.E.2d at 808. Although Martin's claims against the named defendants do not involve malicious prosecution, his alleged loss certainly occurred as a result of the State's initiation of the judicial proceeding against him culminating in a conviction and

**2.** IND.CODE § 34–13–3–1 *et. seq.*

the revocation of his probation. Further, Martin's complaint appears to sue Chief Justice Shepard and Governor O'Bannon only in their official capacities. Hence, they are immune as employees of the State acting within the scope of their positions.

Additionally, Governor O'Bannon and the State of Indiana have no supervisory power over Judge Heffelfinger's decisions made in judicial proceedings due to the independent nature of the judiciary. IND. CONST. art. 3. *See also State ex rel. Brubaker v. Pritchard,* 236 Ind. 222, 138 N.E.2d 233, 236 (1956). Also, to the extent that Chief Justice Shepard has supervisory power over Judge Heffelfinger due to his role as the leader of the state judicial system, he is also protected from suit by common law judicial immunity. *H.B.,* 713 N.E.2d at 302; *Newman v. Deiter,* 702 N.E.2d 1093, 1097 (Ind.Ct.App.1998), *trans. denied, cert. denied,* 528 U.S. 931, 120 S.Ct. 329, 145 L.Ed.2d 257 (1999). Thus, the trial court did not error in granting the State's motion to dismiss for failure to state a claim. The facts underlying Martin's claims, even if true, do not support grounds for relief.

Martin also contends that the trial court erred in declaring that his suit was frivolous under Ind.Code § 35–50–6–5(a)(3). This section reads that "[a] person may, with respect to the same transaction, be deprived of any part of the credit time he has earned ... [i]f a court determines that a civil claim brought by the person in a state or an administrative court is frivolous, unreasonable, or groundless." IND.CODE § 35–50–6–5(a)(3). Martin makes no argument on this claim of error. The determination is mentioned only in a subheading of Martin's argument section in his brief and in his prayer for relief. Appellant's Brief at 6, 9. Ind. Appellate Rule 8.3(A)(7) reads that "[e]ach error that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto." The rule also requires that the appellant include specific contentions coupled with citations to authority supporting the contentions. App. Rule 8.3(A)(7). Martin fails to give us any guidance that would enable us to evaluate this claim of error. Therefore, the issue is waived.

Judgment affirmed.

NAJAM, J., and KIRSCH, J., concur.