

FILED

Feb 13 2015, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

.

ATTORNEY FOR APPELLANTS

James K. Gilday
Gilday & Associates, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Stephen E. Arthur
Richard L. McOmber
Harrison & Moberly, LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Karan L. Gilday, and James K. Gilday | February 13, 2015 |
| *Appellants-Plaintiffs,* | Court of Appeals Cause No. 49A04-1407-CT-323 |
| v. | Appeal from the Marion Superior Court; The Honorable David Dreyer, Judge; 49D10-1206-CT-22314 |
| Jeanine L. Motsay, and Edward W. Ochoa, | |
| *Appellees-Defendants.* | |

**May, Judge.**

[1] Karan L. Gilday and James K. Gilday appeal the final judgment on their claims for damage to their vehicle. They raise three issues, which we reorder and restate as:

[2] 1. Whether the trial court erred in entering final judgment on the Gildays' Motion for Summary Judgment;

[3] 2. Whether the trial court should have ruled on the Gildays' Motion to Compel; and

[4] 3. Whether they were entitled to attorney's fees.

[5] We affirm.

## Facts and Procedural History

[6] On June 3, 2010, a 2008 Toyota 4Runner owned by the Gildays and driven by Karan L. Gilday collided with a vehicle owned by Edward W. Ochoa and Jeanine L. Motsay, and driven by Jeanine L. Motsay. Motsay admitted at the scene she did not stop at a red light in time to avoid the collision. As a result of the damage to the 4Runner, James and Karan, at various times, communicated with Motsay's insurer, Ameriprise Auto and Home Insurance ("Ameriprise") in an effort to resolve their property damage claim. The Gildays were not satisfied with the initial offers Ameriprise made, and they took the 4Runner to a Toyota dealer to be repaired. The bill was $6,257.83, and the Gildays paid it. They also paid Enterprise Leasing Company $1,332.00 for car rental.

[7] Further negotiations between the parties were unsuccessful, and on May 31, 2012, the Gildays sued Motsay and Ochoa in the Marion Superior Court.[1] On June 8, 2012, the Gildays filed an amended complaint that alleged Motsay was at fault and they sought damages including property damage, repair of the vehicle, related expenses, lost revenue, and pre-judgment interest.

[8] Motsay and Ochoa answered and asserted as affirmative defenses that the Gildays' damages were caused by Karan's own carelessness and negligent acts or omissions, and that the Gildays may not have mitigated their damages. In their Reply to Affirmative Defense/Counterclaim, the Gildays also asserted affirmative defenses, which are not at issue in this appeal.

[9] Motsay and Ochoa amended their Answer and Affirmative Defenses. They admitted the allegations in the Gildays' Amended Complaint except that there was any entrustment of the vehicle by Ochoa. They acknowledged Motsay was liable to the Gildays for property damage and cost of repair but they denied they were liable for "related expenses, lost revenue, and pre-judgment interest." (App. at 21.)

[10] The Gildays then propounded to Motsay and Ochoa Interrogatories, Requests for Production and Requests for Admissions. After answers, documents and responses were provided, the Gildays filed a "Motion to Compel and/or for Trial Rule 37 Sanctions." (*Id.* at 27.) They asserted Motsay had not produced

---

[1] The complaint is not included in the Gildays' appendix.

certain communications between the Gildays and the defendants' agents, including their insurance company and any adjusting companies, and between Motsay and her agents. The Gildays argued that Motsay's failure to provide the information was spoliation that warranted sanctions under Ind. Trial Rule 37(B)(2). Motsay responded to the Motion to Compel but the record does not indicate there was a hearing.

[11]     On December 2, 2012, the Gildays filed what they captioned as "Plaintiffs' Motion for Summary Judgment." (*Id.* at 270.) The body of the motion indicates they sought entry of partial summary judgment in the amounts of $6,257.83 for automobile repair, $1,332.00 for vehicle rental, and $32.31 for repair travel time and mileage reimbursement. The Gildays also asked for statutory attorney's fees.

[12]     In response, Motsay and Ochoa offered an affidavit from Mark Jungwirth, an employee of Ameriprise, reporting on his review of the records of contact among Ameriprise, its agents, and the Gildays. The Gildays moved to strike the affidavit. The trial court set a hearing on "Plaintiffs Motion to Strike parts of the Affidavit of Mark Jungwirth on 2/28/14 at 10:00am." (*Id.* at 444.) The record is unclear whether at that hearing the trial court was addressing both the motion to strike and the motion for summary judgment, but issues raised in both motions and the motion for discovery sanctions were discussed.

[13]     On June 12, 2014, the trial court issued Findings of Fact, Conclusions of Law and Judgment Entry:

This cause comes before the Court on the Plaintiffs' Motion for Summary Judgment and the Defendants' Response thereto.

The Court now enters the following Findings of Fact and Conclusions of Law:

1. That on June 3, 2010, a collision between automobiles driven by Plaintiff Karan L. Gilday and Defendant Jeanine L. Motsay occurred in Indianapolis (hereinafter "The Collision").

2 That The Collision was proximately caused by the negligence of Jeanine L. Motsay.

3. That the Plaintiffs are entitled to recover from Jeanine L. Motsay the sum of $6,257.83 for repair of their vehicle, $1,332.00 for the loss of use of their vehicle, $32.31 for travel time and mileage reimbursement, for a total of $7,622.14.

4. That the Plaintiffs have failed to show that any of their damages were proximately caused in any away by the conduct of Defendant Edward W. Ochoa.

5. That in this litigation the insurer of the Defendants, [Ameriprise], has not maintained a defense that is frivolous, unreasonable, or groundless, nor has it engaged in obdurate behavior or litigated this matter in bad faith.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of the Plaintiffs and against Defendant Jeanine L. Motsay in the amount of $7,622.14, plus costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of Edward W. Ochoa.

The Court further finds that there is no just cause for delay and that the judgment entered herein is a final judgment, appealable as a matter of right.

(*Id*. at 8-9.)

# Discussion and Decision

## *Final Judgment on Gildays' Motion for Summary Judgment*

The trial court presumably determined entry of a final judgment was appropriate because the Gildays were not entitled to additional damages. In their Amended Complaint, the Gildays asked for "damages, including, but not limited to property damage, repair, related expenses, lost revenue, and pre-judgment interest." (*Id.* at 13.) The trial court awarded the cost of repair, the rental car cost, and some miscellaneous expenses. That was not error:

> [T]he fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tortfeasor. This reduction in fair market value may be proved in any of three ways, depending on the circumstances. First, it may be proved by evidence of the fair market value before and the fair market value after the causative event. *Secondly, it may be proved by evidence of the cost of repair where repair will restore the personal property to its fair market value before the causative event.* Third, the reduction in fair market value may be proved by a combination of evidence of the cost of repair and evidence of the fair market value before the causative event and the fair market value after repair, where repair will not restore the item of personal property to its fair market value before the causative event.

*Dado v. Jeeninga,* 743 N.E.2d 291, 294 (Ind. Ct. App. 2001). The Gildays asked for the cost of the repair to the vehicle, not any reduction in fair market value,

and they were awarded it. They recovered what they were entitled to with respect to the damage to their vehicle.

[17] The Gildays also requested pre-judgment interest. A court may award prejudgment interest as part of a judgment, Ind. Code § 34-51-4-7, but a plaintiff is not entitled to pre-judgment interest unless, within one year after a claim is filed in the court or any longer period determined by the court to be necessary on a showing of good cause, the plaintiff makes a written offer of settlement to the defendant. Ind. Code § 34-51-4-6.

[18] The Gildays do not acknowledge in their opening brief[2] that statutory requirement, nor do they point to a written offer that complies with that section. We cannot say the trial court erred to the extent it declined to award the Gildays pre-judgment interest. As there are no other damages requested in the Amended Complaint to which the Gildays were entitled, the trial court did not err in granting a final judgment.

### *Failure to Rule on Motion to Compel*

[19] The Gildays argue the trial court erred when it declined to rule on their Motion to Compel and/or for Trial Rule 37 Sanctions. Their allegations of error concerning that motion appear to be premised on their assertion the defendants

---

[2] In their reply brief the Gildays assert they "did not fail to comply with the Indiana pre-judgment interest statute," (Appellants' Reply Br. at 9), but they point to nothing in the record to show there was such a settlement offer. "We will not consider bald assertions made in an appellate brief." *Young v. Butts*, 685 N.E.2d 147, 149 (Ind. Ct. App. 1997).

were "deficient," (Appellant's Br. at 7), in responding to certain of the Gildays' discovery requests because "Defendants admitted to having destroyed some of the evidence. . . . The remainder, it just refused to produce." (*Id*. at 8.) That "[d]estruction or loss of documents," the Gildays assert, "represents spoliation" of evidence and should be sanctioned. (*Id*.)

[20] As the Gildays do not support these allegations of error with cogent argument, legal authority, or citation to the record, we will not entertain them. *See, e.g.*, *Dickes v. Felger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012) (a party waives an issue on appeal where the party does not develop a cogent argument or provide adequate citation to authority and portions of the record); *and see* Ind. Appellate Rule 46(A)(8) (contentions in appellant's brief must be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal).

[21] To support their claim the defendants "admitted to having destroyed some of the evidence" and "refused to produce" the rest, the Gildays direct us to pages 27 and 171 of their appendix (destruction of evidence) and pages 263-64 (refusal to produce). Those pages of the record do not support the Gildays' statements, and their statements amount to a mischaracterization of the record. Page twenty-seven is part of the Gildays' own Motion to Compel, and nothing on that page reflects any admission by the defendants that they destroyed evidence. Page 171 is part of a letter from defendants' counsel to James Gilday addressing Gilday's objections to some of the defendants' discovery responses. Nothing on page 171 says, or even suggests, the defendants "admitted to having destroyed

some of the evidence." Pages 263 and 264 of the appendix are also part of the Gildays' own pleadings, in this case their reply in support of their motion to compel. While the Gildays assert in that reply that some documents were not produced, nothing on those pages supports their allegation in their appellate brief that the defendants "refused" to produce them.

[22] The Gildays continue in their reply brief to mischaracterize the record. They say "[i]t is undisputed that Defendants' agent, Ameriprise, destroyed documents for which Plaintiffs sought spoliation sanctions." (Appellant's Reply Br. at 5.) That statement was not only explicitly "disputed," it is also a mischaracterization of the record. The Gildays direct us to "MTS Response ¶¶ 7, 12," but they do not include a page number to indicate where in the appendix such document might be found. We remind the Gildays of the long-standing rule that "we are not authorized to search the record in order to reverse a judgment," *Mackey v. State*, 187 Ind. 411, 119 N.E. 711, 711 (1918), but we will presume the Gildays are referring to "Defendants' response to Plaintiffs' Motion to Strike," where paragraphs 7 and 12 are found on pages 431 and 433.

[23] In paragraph seven, the defendants acknowledge two instances in which a part of an Ameriprise file "may have indeed been either lost or destroyed." (App. at 431.) But later in the same paragraph they explicitly say "The Defendants and Ameriprise have never admitted that these documents were 'destroyed.' It is in fact uncertain what happened to these documents." (*Id.*) Nor does paragraph twelve support the Gildays' statement "[i]t is undisputed that [Ameriprise] destroyed documents." That paragraph indicates only that Ameriprise was

"unable to produce copies" of certain checks or enclosure letters. (*Id*. at 433.) The Gildays have mischaracterized the record and have not supported this allegation of error with citation to the record.

[24] We addressed similar mischaracterizations of the record in *Young v. Butts,* 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). Young and Butts were involved in an automobile collision. Young's counsel asserted on appeal that Butts was speeding at the time of the accident. After noting that Butts testified she was driving sixty miles per hour, Young's counsel flatly asserted the "speed limit in this area was posted at fifty-five (55) miles per hour." *Id*. Young's counsel did not direct us to any evidence in the record in support of that assertion, and our independent search of the record did not reveal any. Rather, the evidence in the record was that the speed limit was sixty-five miles per hour.

[25] We noted:

> Young's counsel compounds the effect of his misrepresentation of the evidence of the speed limit when he states that Butts 'admitted in her testimony that she had been traveling at a rate of speed in excess of the limit for that particular area. . . . This admission, made under oath, is evidence [Butts] was speeding.'

[26] *Id*. at 150. There, as in the case before us, the page of the record to which counsel directed us included no such admission nor any statement that could be interpreted as such an admission. *Id.* at 150–51.

[27] We found Young's appeal frivolous and in bad faith because Young's counsel made

affirmative misrepresentations of the evidence in the record, which misrepresentations are particularly offensive because they would, if true, directly affect the propriety of the trial court grant of judgment on the evidence. Most notably, counsel's mischaracterization of the evidence as suggesting Butts was speeding might, by itself, provide a sufficient basis for reversal of the trial court's judgment on the evidence.

[28] *Id*. at 151. We directed the trial court to impose sanctions in the form of an award of damages to Young's opponent. *Id*. at 152. The Gildays' mischaracterizations of the record before us are objectionable for the same reason; their representation that the defendants spoliated evidence by destroying it might, if true, "directly affect the propriety of" the trial court's actions.

[29] Nor did the Gildays provide cogent argument supported by legal authority as required by our rules. The Gildays assert "[d]estruction or loss of documents represents spoliation, which should be sanctioned pursuant to Indiana Trial Rule 37(A)(4)." (Appellant's Br. at 8.) That rule, captioned "award of expenses of motion," provides for payment of expenses in some situations where a motion to compel is granted, but it does not support the statement "[d]estruction or loss of documents represents spoliation." As explained above, the Gildays offer no support in the record for their allegation of "destruction" of evidence. Nor do they offer legal argument, or even explanation, why mere failure to produce documents, because of "loss" or some other reason, amounts to "spoliation." We accordingly may not entertain the Gilday's allegation on

appeal that the trial court erred because it did not rule on their Motion to Compel.[3]

## *Gildays' Request for Attorney's Fees.*

[30]  The Gildays request attorney's fees under Ind. Code § 34-52-1-1.  They present their claim as one that was only "theoretical or inchoate at the time of the Judgment." (*Brief of Appellant* at 12.)  Under § 34-52-1-1,

> the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:  (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith.

> A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law.  A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation.  A claim or defense is groundless if no facts exist which support the legal claim relied on and presented by the losing party.  However, an action is not groundless merely because a party loses on the merits.  Bad faith is demonstrated where the party presenting the claim is affirmatively operating with furtive design or ill will.

---

[3]  Because we so hold, we do not address whether the trial court erred when it declined to strike Mark Jungwirth's affidavit.  The contents of his affidavit appear to be related primarily to "the same argument of sanctions for spoliation." (Appellant's Br. at 6.)

*Dunno v. Rasmussen*, 980 N.E.2d 846, 850-851 (Ind. Ct. App. 2012) (case citations omitted).

The Gildays had the burden of proving such fees were warranted. *Chrysler Motor Corp. v. Resheter*, 637 N.E.2d 837, 838 (Ind. Ct. App. 1994), *trans. denied*. An award of attorney's fees lies within the trial court's discretion, and we will not reweigh the evidence or disturb the trial court's decision absent an abuse of discretion. *Posey v. Lafayette Bank & Trust Co.*, 583 N.E.2d 149, 152 (Ind. Ct. App. 1991), *trans. denied*.

The trial court heard argument concerning the defenses asserted and found the defendants' conduct did not rise to the level that would allow the imposition of attorney's fees. There was ample evidence in the record to permit that finding, and we will not reweigh it.

The trial court did not err in granting final judgment on the Gildays' claims, the Gildays have not provided cogent argument the trial court should have ruled on their motion to compel, and the Gildays are not entitled to attorney's fees. We accordingly affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.