## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2016, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John D. May
Greencastle, Indiana

ATTORNEYS FOR APPELLEES
JUDGE ALLEN, THE GREENE
COUNTY CIRCUIT COURT,
PROSECUTOR HOLTSCLAW, AND
PUBLIC ACCESS COUNSELOR
BRITT

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
CLERK FOWLER AND THE CLERK
OF THE GREENE COUNTY CIRCUIT
AND SUPERIOR COURTS

Ryan J. McDonald
Hartman Law, P.C.
Bloomfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John D. May,

*Appellant-Plaintiff,*

v.

Erik C. Allen, as Judge of the
Greene Circuit Court; the Greene

June 16, 2016

Court of Appeals Case No.
28A04-1601-PL-114

Appeal from the Greene Circuit
Court.
The Honorable E. Michael Hoff,
Special Judge.
Cause No. 28C01-1411-PL-42

County Circuit Court; Susan Fowler, as Greene County Clerk; the Clerk of the Greene County Circuit and Superior Courts; Jarrod D. Holtsclaw, as Greene County Prosecutor; and Luke H. Britt, as Indiana Public Access Counselor,

*Appellees-Defendants.*

### Friedlander, Senior Judge

[1] John D. May sued several state and county government officials, alleging they had unfairly denied him access to court records. The trial court dismissed some of May's claims and later granted summary judgment in favor of the remaining defendants. May appeals from the denial of his motion to correct error. We affirm.

[2] The State of Indiana charged May with several criminal offenses. He was represented by counsel but attempted to file several documents pro se as his case moved forward. A jury determined May was guilty of some of the charges, and the trial court sentenced him to a term of imprisonment in the Indiana Department of Correction. He appealed the judgment of conviction, by counsel.

[3] In September 2014, while his criminal appeal was pending, May sent a pro se "Request for Court Records" referencing his criminal case number to Susan

Fowler, the Clerk of the Greene County Circuit and Superior Courts. Appellant's App. p. 25. May asserted he was an indigent pro se litigant. Citing the Indiana Access to Public Records Act (APRA), May requested a free copy of the transcript of voir dire proceedings from his criminal case "to adequately prepare for filings in [his] case." *Id.*

[4] Clerk Fowler's office forwarded May's request to Judge Erik C. Allen. Judge Allen issued an order in which he noted May was represented by counsel in his pending criminal appeal and was required to "submit pleadings to the Court through his attorney." *Id.* at 26. Judge Allen further informed May the court's file on his criminal case was "available during regular business hours for Defendant or any one on his behalf to have access to inspect and copy." *Id.*

[5] In October 2014, May filed a formal complaint with the Indiana Public Access Counselor, Luke H. Britt. In the complaint, May alleged Clerk Fowler and Judge Allen had violated Indiana's Open Door Law by addressing his request for access to public records without advance notice or a hearing. He further alleged the clerk and the judge had denied him access to the voir dire transcript in violation of APRA. Judge Allen responded to May's complaint, informing the counselor that May's attorney for his criminal appeal had access to the voir dire transcript and that May's right to inspect and copy court records had been upheld. May filed a reply to Judge Allen's response.

[6] Counselor Britt issued a formal opinion on October 31, 2014. The counselor concluded the Greene Circuit Court should treat May's request for the voir dire

transcript as a public records request "outside the litigation process." *Id.* at 42. Counselor Britt indicated May was entitled to a copy of the transcript if he paid the mailing and copying costs. He further stated May was not excused from paying mailing and copying costs because "[ARPA] does not take indigent status into account under the prescribed fee schedule." *Id.*

[7] This case began on January 22, 2015, when May filed with the Greene Circuit Court a Verified Complaint for Declaratory and Injunctive Relief against Judge Allen, the Greene County Circuit Court, Clerk Fowler, the Greene County Clerk of Courts, Counselor Britt, and Jarrod D. Holtsclaw, the Greene County Prosecutor. He sued all named defendants in their official and personal capacities. May alleged the defendants violated the Open Door Law, APRA, the federal Freedom of Information Act, and various federal and state constitutional provisions. Among other relief, he asked the court to void Judge Allen's order declining to grant him a free copy of the voir dire transcript, to have copying and postage fees waived for the transcript, to receive a jury trial, and for nominal, compensatory, and punitive damages. A special judge was appointed.

[8] Judge Allen, Counselor Britt, and Prosecutor Holtsclaw filed a joint motion to dismiss the complaint pursuant to Indiana Trial Rule 12(B)(6). May filed a response. On April 10, 2015, the court granted the motion to dismiss, eliminating May's claims against those three officials. On April 30, 2015, May filed a Notice of Appeal with respect to the trial court's dismissal order, initiating Cause Number 28A01-1505-PL-371. He sought and received

permission to dismiss the appeal without prejudice. Next, he requested permission to reinstate the appeal, which the Court denied on July 1, 2015. He filed a second motion to reconsider, which the Court also denied.

[9] May filed a second Notice of Appeal on June 22, 2015, initiating Cause Number 28A04-1506-PL-781, again seeking to appeal the trial court's dismissal order. On July 31, 2015, the Court dismissed the appeal without prejudice. The Court later denied May's petition for rehearing, and May filed a petition for transfer. The Indiana Supreme Court denied the petition on December 3, 2015.

[10] Meanwhile, the case moved forward in the trial court. May and Clerk Fowler had filed cross-motions for summary judgment. On December 1, 2015, the court granted the clerk's motion as to all claims, denied May's motion, and entered a final judgment. May filed a motion to correct error, which the court denied. This appeal followed.

[11] On appeal, May argues the trial court erred in denying his motion to correct error, in which he challenged the trial court's grant of the motion to dismiss and Clerk Fowler's motion for summary judgment. We generally review the denial of a motion to correct error for an abuse of discretion. *Peoples State Bank v. Benton Twp. of Monroe Cnty.*, 28 N.E.3d 317 (Ind. Ct. App. 2015). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the decision is contrary to law. *Garrett v. Spear*, 24 N.E.3d 472 (Ind. Ct. App. 2014). In addition, we consider only the

evidence and reasonable inferences favorable to the judgment. *Lovold v. Ellis*, 988 N.E.2d 1144 (Ind. Ct. App. 2013). We review questions of law de novo. *Christenson v. Struss*, 855 N.E.2d 1029 (Ind. Ct. App. 2006).

[12] *The Trial Court's Dismissal of Judge Allen from the Case.* – May argues the trial court should have granted his motion to correct error because Judge Allen should not have been dismissed from the case. Specifically, May says the trial court erred in determining Judge Allen was immune from suit pursuant to the doctrine of judicial immunity. In response, Judge Allen asserts his order was issued in his judicial capacity and immunity applies.

[13] Generally, judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity. *Owen v. Vaughn*, 479 N.E.2d 83 (Ind. Ct. App. 1985). The only situation in which a judge may be held liable for damages is where the judge acts in clear absence of jurisdiction over both the parties and the subject matter. *Id.* When judicial immunity is at issue, we construe a judge's jurisdiction liberally. *Hupp v. Hill*, 576 N.E.2d 1320 (Ind. Ct. App. 1991).

[14] May claims Judge Allen lacked subject matter jurisdiction to act upon his request for a free copy of the voir dire transcript because he directed the request to Clerk Fowler, not Judge Allen. Pursuant to Indiana Administrative Rule 10(A), court records are "the exclusive property of the courts," who are "administratively responsible" for the records' integrity. County clerks are "custodian[s]" of court records and must follow the trial judges' directives in

managing those records. *Id.* As a result, Judge Allen had jurisdiction by rule to consider May's claim. Further, under the facts of this case Judge Allen reasonably construed May's request as being directed to the court rather than Clerk Fowler. May's request referenced his criminal cause number and stated the transcript of voir dire from his criminal case was needed "to adequately prepare for filings in [his] case." Appellant's App. p. 25. May had previously attempted to file pro se pleadings in his criminal case even though he was represented by counsel. Under the circumstances, we cannot conclude Judge Allen had a clear and complete absence of subject matter jurisdiction over May's request.

[15] Next, May argues Judge Allen lacked subject matter jurisdiction over the case, and is not immune to his claims for damages, because this Court had accepted jurisdiction over May's criminal appeal. Judge Allen asserts that even if this Court had jurisdiction over May's criminal appeal, he still had the authority to act on May's request for a copy of the transcript.

[16] "The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." Ind. Appellate Rule 8. Even when an appellate court has acquired jurisdiction over a case, a trial court retains jurisdiction to perform "such ministerial tasks as reassessing costs, correcting the record, or enforcing a judgment*." City of New Haven v. Allen Cnty. Bd. of Zoning Appeals*, 694 N.E.2d 306, 310 (Ind. Ct. App. 1998), *trans. denied*. Ruling upon a request for a free copy of trial court records is a ministerial task, and as a result Judge Allen had jurisdiction to resolve

May's request even though the criminal appeal was pending. The trial court did not abuse its discretion in denying May's motion to correct error as to his claims against Judge Allen for nominal, compensatory, and punitive damages because Judge Allen was protected by judicial immunity.

[17] Our analysis as to Judge Allen is not at an end because May also demanded declaratory and injunctive relief against the judge. Specifically, May asked the trial court to enjoin Judge Allen and the other defendants from violating his rights and to determine that May is entitled to have a free copy of the transcript mailed to him at public expense. The doctrine of judicial immunity does not bar prospective injunctive relief against a state judicial officer. *Martin v. Heffelfinger*, 744 N.E.2d 555 (Ind. Ct. App. 2001). The trial court's dismissal order did not address these claims, but we affirm a trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Munster v. Groce*, 829 N.E.2d 52 (Ind. Ct. App. 2005).

[18] May's claim of entitlement to a free copy of the voir dire transcript rests on two grounds: the Open Door Law and APRA.[1] We turn to the Open Door Law, which is a set of statutes that are intended to ensure "the official action of public

---

[1] On appeal, May argues for the first time that he has a "common law" right to a free copy of the transcript, to be mailed to him at public expense. Appellant's Br. p. 30. Claims raised on appeal for the first time are waived. *Garcia v. Garau Germano Hanley & Pennington, P.C.*, 14 N.E.3d 88 (Ind. Ct. App. 2014), *trans. denied*. May also argues he is entitled to declaratory and/or injunctive relief against Judge Allen pursuant to provisions of the federal and state constitutions. He provides no analysis or citation to authority in support of his constitutional claims, so they are waived. *See* Ind. Appellate Rule 46(A)(8)(a) (each contention in a brief must be supported by citations to authority); *Gilday v. Motsay*, 26 N.E.3d 123 (Ind. Ct. App. 2015) (failure to support claim by argument and citation to authority results in waiver of claim for appellate review).

agencies [is] conducted and taken openly." Ind. Code § 5-14-1.5-1 (West, Westlaw 1987). "All meetings of the governing bodies of public agencies must be open at all times." Ind. Code § 5-14-1.5-3 (West, Westlaw 2013). Furthermore, a governing body that is subject to the Open Door Law must post an agenda "at the entrance to the location of the meeting prior to the meeting." Ind. Code § 5-14-1.5-4 (West, Westlaw 2013).

[19] May argues Judge Allen should have given him notice and an opportunity to be heard under the Open Door Law before ruling upon his request for a free copy of the voir dire transcript. Judge Allen responds that as a judicial officer, he is not a "public agency" subject to the Open Door Law. State Appellees' Br. p. 24. Judge Allen's argument may have merit because the Open Door Law's definition of a "public agency" includes entities that exercise "a portion of the executive, administrative, or legislative power of the state." Ind. Code § 5-14-1.5-2 (West, Westlaw 2013). The statute does not refer to the exercise of judicial power.

[20] In any event, May's argument fails because he has cited to no authority, other than his own interpretation of the Open Door Law statutes, to establish that Judge Allen's ruling on his request was an "official action" that required the judge to hold a public hearing with prior notice. To the contrary, Indiana Trial Rule 73 authorizes a trial judge to resolve motions "at any time or place and on

such notice, if any, as he considers reasonable." In addition, a trial court may resolve motions "without oral hearing." *Id.*

[21] If May's reading of the Open Door Law is correct, every time a request or motion, no matter how routine, is filed with a trial court, the court would be obligated to schedule a hearing and provide advance public notice. In applying a statute, we presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Redevelopment Comm'n of the Town of Munster v. Ind. State Bd. of Accounts*, 28 N.E.3d 272 (Ind. Ct. App. 2015), *trans. denied.* The trial court did not abuse its discretion by denying May's motion to correct error as to his Open Door Law claim against Judge Allen.

[22] Next, we turn to APRA. May claims he is entitled under APRA to have a copy of the voir dire transcript from his criminal case prepared and mailed to him at public expense. Judge Allen responds that May is entitled to receive a copy of the transcript only if he pays the copying and postage costs.

[23] Under APRA, any person may inspect and copy the public records of any public agency. Ind. Code § 5-14-3-3 (West, Westlaw 2012). Unlike the Open Door Law, APRA's definition of a "public agency" explicitly includes governmental authorities that exercise the judicial power of the State. Ind. Code § 5-14-3-2 (West, Westlaw 2013). A public agency such as a county clerk or a trial court may not charge a fee to inspect a record, but the agency may

charge a fee for copying costs. Ind. Code § 5-14-3-8 (West, Westlaw 2008). Further, the agency may require payment "in advance." *Id.* APRA does not contain any provision mandating free copies or free postage for indigent, incarcerated persons.

[24] In the current case, Judge Allen stated the transcript May requested was available for copying. Further, Counselor Britt stated May should receive a copy of the transcript if he paid a $.10 per page copying fee and mailing costs. That rate is permitted by Indiana Code section 5-14-3-8. As a result, Judge Allen complied with, rather than contravened, APRA, and May was not entitled to a free copy of the transcript under that act.

[25] May claims none of the defendants ever informed him how much it would cost to copy the documents, but the record reflects that he never offered to pay. Rather, he consistently requested a copy of the transcript at public expense. Further, when the Public Access Counselor concluded that May would be required to pay copying and mailing costs, May filed suit instead of asking the defendants to inform him how much he would owe. Under these circumstances, it would be unreasonable to expect Judge Allen or Clerk Fowler to spontaneously inform him of the costs.

[26] May also claims the defendants could have waived the copying costs if they chose, but he cites no authority for the principle that an APRA violation occurs when a public agency chooses not to waive copying and mailing costs. For these reasons, May's claims against Judge Allen for declaratory or injunctive

relief under APRA must fail, and the trial court did not abuse its discretion in denying May's motion to correct error as to Judge Allen.

[27] *The Greene Circuit Court.* – May named the Greene Circuit Court as a separate defendant. It is unclear what May intended to accomplish, because he also named Judge Allen as a defendant in both his "individual and official" capacities. Appellant's App. p. 13. In his official capacity, Judge Allen is the final decision maker of the Greene Circuit Court. In addition, both before the trial court and on appeal, May has failed to allege or demonstrate that the Greene Circuit Court as an entity, or through any of its employees, committed any wrong against him independently of Judge Allen. To the contrary, May has conceded that Judge Allen and the Greene Circuit Court can be considered the same entity. Appellant's Br. p. 40 ("The Green Circuit Court/Judge Allen lacked standing . . . ."). The trial court did not abuse its discretion in denying May's motion to correct error as to claims against the Greene Circuit Court.

[28] *The Trial Court's Dismissal of Prosecutor Holtsclaw from the Case.* – May argues the trial court should have granted his motion to correct error because the court erred in dismissing Prosecutor Holtsclaw from the case. Specifically, May claims the prosecutor was a party to the decision to deny May a free copy of the voir dire transcript. Prosecutor Holtsclaw responds that the trial court correctly determined he is immune from suit.

[29] "A prosecutor enjoys absolute immunity for his official actions as the State's advocate." *Foster v. Pearcy*, 270 Ind. 533, 387 N.E.2d 446, 448 (Ind. 1979). The

prosecutor is also "afforded an absolute immunity" as to investigative and administrative duties. *Id.* at 449. Prosecutor Holtsclaw represented the State in May's criminal case. The prosecutor's office received a copy of Judge Allen's order on May's request for a copy of the voir dire transcript, but Prosecutor Holtsclaw and his deputies otherwise had no role. At best, the prosecutor passively participated in this case in his role as the State's advocate, and, as a result, prosecutorial immunity applies.

[30] May argues Prosecutor Holtsclaw "had discretion to properly influence the course of the procedure and did not and is thus complicit." Appellant's Br. p. 25. It is unclear how the prosecutor could have influenced Judge Allen or Counselor Britt. May did not serve Prosecutor Holtsclaw with a copy of his records request. In addition, May failed to name Prosecutor Holtsclaw as a public agency when he filed a complaint with Counselor Britt. In any event, if the prosecutor had offered input on May's records request, he would have done so in his capacity as the State's advocate, so prosecutorial immunity applies here. The trial court did not abuse its discretion in denying his motion to correct error as to May's claims against Prosecutor Holtsclaw.[2]

---

[2] To the extent that May's claims for declaratory and injunctive relief against Prosecutor Holtsclaw are not barred by prosecutorial immunity, those claims have no support in the record. The prosecutor did not have any authority over the records from May's criminal case and could not have called a meeting or conducted any business, as those terms are envisioned by the Open Door Law, in regard to May's request. In addition, Prosecutor Holtsclaw would not have been able to address May's APRA claim for the same reason.

Furthermore, May claims he named the Office of the Greene County Prosecutor as a separate defendant, and because the trial court did not include the Office in its order of dismissal, the Office remained a party to the

[31]     *The Trial Court's Dismissal of Counselor Britt from the Case.* – May contends the trial court should have granted his motion to correct error and reversed the dismissal of Counselor Britt from the case. May argues he had valid Open Door Law and APRA claims against the counselor. Counselor Britt responds that May's claims were without merit as directed at him.

[32]     Regarding the Open Door Law, May argues Counselor Britt erred by not discussing Clerk Fowler or May's Open Door Law claim in the formal opinion. As noted above, Judge Allen, rather than Clerk Fowler, has ultimate authority over the management of case files, so Counselor Britt did not commit an actionable offense by failing to discuss Clerk Fowler in the formal opinion. May has failed to cite to any authority to support his proposition that Counselor Britt was obligated to address each and every claim he presented in his complaint. Finally, May has not alleged or demonstrated that he was harmed by the counselor's failure to address his Open Door Law claim against Judge Allen and Clerk Fowler. May subsequently filed suit against Judge Allen and Clerk Fowler and was not prevented from raising his Open Door Law claims.

[33]     As for APRA, a person who has been denied the right to inspect or copy a public record by a public agency may file suit "to compel the public agency to permit the person to inspect and copy the public record." Ind. Code § 5-14-3-9

---

suit and lost by default on summary judgment. A review of May's civil complaint reveals he did not name the Office of the Greene County Prosecutor as a defendant. Instead, he named Prosecutor Holtsclaw as a defendant in his official and personal capacity. As a result, May's claim must fail.

(West, Westlaw 2013). The proper party to a suit to compel records is the public agency that has denied access. *Lane-El v. Spears*, 13 N.E.3d 859 (Ind. 2014), *trans. denied*. In this case, May was not denied access to the voir dire transcript for purposes of APRA, but even if he was, Counselor Britt does not own or manage those records. As a result, the counselor was not the proper defendant for an APRA claim.

[34] May argues Counselor Britt was "siding with the defendants, joining their camp, and is complicit in the denial of his request and their violation of Appellant's rights under the APRA and ODL, and his constitutional rights to access public records and Due Process of Law." Reply Br. p. 14. May has not cited any evidence to establish that Counselor Britt acted as May's adversary by fulfilling his statutory obligations as Public Access Counselor. In addition, May has waived appellate review of his federal and state constitutional claims as to all defendants by failing to provide any legal analysis and citation to authority. *Gilday*, 26 N.E.3d 123.

[35] Finally, May claims he named the Office of the Indiana Public Access Counselor as a separate defendant, the Office was not dismissed from the case, and he prevailed against the Office by default on summary judgment. The record does not support May's claim. He did not name the Office of the Indiana Public Access Counselor in his civil complaint. Instead, he named Counselor Britt in his official and personal capacities. Thus, the Office was never a separate party to this case. In any case, May has neither alleged nor demonstrated that the Office of the Indiana Public Access Counselor is separate

from Counselor Britt acting in his official capacity or that an employee of that office harmed him independently of Counselor Britt.

[36] *The Trial Court's Grant of Summary Judgment to Clerk Fowler and the Office of the Greene County Clerk of Courts.* – May contends the trial court should have granted his motion to correct error and reinstated his claims against Clerk Fowler and the Office of the Greene County Clerk of Courts. Clerk Fowler responds that the trial court did not err in granting summary judgment to her and her Office.

[37] May first argues the trial court's order granting summary judgment to Clerk Fowler and her Office was void for lack of subject matter jurisdiction. Specifically, he notes his petition to transfer in Cause Number 28A04-1506-PL-781 was pending when the trial court granted summary judgment to Clerk Fowler and her Office, and he claims jurisdiction rested exclusively with Indiana's appellate courts.

[38] The Indiana Supreme Court never acquired jurisdiction over Cause Number 28A04-1506-PL-781 because the Court denied May's petition to transfer. *See* Ind. Appellate Rule 58(A) (the Supreme Court takes jurisdiction over an appeal as if originally filed in that court only "upon the grant of transfer."). Furthermore, "An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders." Ind. Appellate Rule 14(H).

[39] The trial court's order dismissing Judge Allen, Prosecutor Holtsclaw, and Counselor Britt was indisputably interlocutory because it did not dispose of all

claims and all parties. Furthermore, May asked the trial court to stay the dismissal order, and the trial court did not grant his request. As a result, the trial court was permitted to move forward with the case despite May's pending interlocutory appeal.

[40] Turning to the merits of May's claims against Clerk Fowler, he asserts Clerk Fowler should not have transferred his records request to Judge Allen. May reasons that Judge Allen became, in effect, Fowler's attorney, which he deems inappropriate and in violation of the doctrine of separation of powers among branches of government. Clerk Fowler contends her office transferred the request to Judge Allen because he was the appropriate entity to deal with it.

[41] Clerk Fowler is correct. Indiana Administrative Rule 10 establishes that court records are "the exclusive property" of the courts and each judge is "administratively responsible" for the integrity of the records. By contrast, trial court clerks are "custodian[s]" of court records and must follow the directives of the trial court judges. *Id.* As a result, in this case Clerk Fowler did not ask Judge Allen to represent her or delegate any authority to him. Instead, her office merely transferred May's request to the governmental entity that had the authority to respond to it.

[42] Furthermore, May has failed to allege or demonstrate that he was harmed in any way by Clerk Fowler's decision to transfer his records request to Judge Allen. As noted above, Judge Allen complied with the requirements of APRA by determining that the voir dire transcript was available for May's

representative to review and copy. APRA does not require public agencies to grant copies of documents to indigent persons at public expense. Thus, even if Clerk Fowler had chosen to respond to May's request on her own, she would not have violated APRA by refusing to send May a free copy of the transcript at public expense.

[43] To the extent May claims Clerk Fowler and her office violated a common law right of access to public records, he has waived that claim because he is raising it for the first time on appeal. *Garcia*, 14 N.E.3d 88. In addition, May has accused Clerk Fowler and her Office of violating his federal and state constitutional protections, but he offers no analysis or citation to authority in support of his claims. Therefore, they are waived. *Gilday*, 26 N.E.3d 123. The trial court did not abuse its discretion in denying May's motion to correct error as to Clerk Fowler and the Office of the Clerk of the Greene County Courts because his claims against those defendants were without merit, and those defendants were entitled to summary judgment.

[44] For the foregoing reasons, we affirm the judgment of the trial court.

[45] Judgment affirmed.

Baker, J., and Barnes, J., concur.